UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOSEPH JAMES MCGRATH, ) | CASE NO. 1:06 CV 916 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| GARY CROFT, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On April 17, 2006, plaintiff pro se James Joseph McGrath filed this action under 42 U.S.C. §§ 1983, 1985, and 1986 against Ohio Adult Parole Authority ("OAPA") Chairperson Gary Croft, Parole Officer Erica Desoto, Parole Officer Anthony Bodnark, Parole Officer James Taylor, and "John Does 1 x 100." (Compl. at 1.) In the complaint, plaintiff alleges that he was placed on post release control status following his release from prison when his sentence did not provide for such supervision. He seeks $ 5,000,000.00 in compensatory damages and $ 5,000.000.00 in punitive damages.

### *Background*

Mr. McGrath was arrested in September 1996, and charged with aggravated assault in connection with a physical altercation he had with his girlfriend. See State of Ohio v. McGrath,

No. 77896, 2001 WL 1167152 at *1 (Ohio App. 8th Dist. Sept. 6, 2001). He pled guilty to the charge and was sentenced to sixty days in the county work house and two years probation. Id. The two subsequently reconciled. Less than a year later, in June 1997, another altercation between Mr. McGrath and his girlfriend led to a variety of criminal charges being filed against Mr. McGrath. He pled guilty to felonious assault and was sentenced to two years in prison. Id.

When Mr. McGrath was released from prison on June 9, 1999, he was prohibited, as a condition of his release, from having any contact with his former girlfriend. Mr. McGrath did not comply with that condition and on March 27, 2000, he was indicted on one count of retaliation, three counts of breaking and entering, one count of falsification and one count of menacing by stalking in Cuyahoga County Court of Common Pleas Case No. CR-00-388833. At the conclusion of the trial on March 30, 2000, the judge granted a directed verdict on one of the three counts of breaking and entering, and the jury returned a guilty verdict on all of the remaining charges except the second count of breaking and entering for which they found him guilty of the lesser included offense of aggravated trespass. He was sentenced on April 11, 2000 to a total aggregate sentence of three years in prison followed by six months in jail.[1] Id. at *3. Post release control was not part of his sentence. Id.

On August 22, 2001, while Mr. McGrath was still incarcerated in the Mansfield Correctional Institution under this conviction, he received a notice from the OAPA that he would

---

[1] The Cuyahoga County Court of Common Pleas docket for State of Ohio v. McGrath, Case No. CR-00-388833 (Cuyahoga County Ct. Comm. Pl. July 25, 2002) indicates Mr. McGrath was sentenced to 2 years incarceration on count 1, 6 months incarceration on counts 3 and 4, and six months incarceration in the county jail on counts 2,6,and 7. Counts 2,6, and 7 are to run concurrent with each other and concurrent to all other counts. Counts 1,3, and 4 are to run consecutive to each other, leaving a total aggregate sentence of 3 years. It appears he was given jail time credit for 222 days.

be placed under post release control for three years upon his release from prison. The notice was signed by Parole Officer James Taylor. When he was released from prison on December 12, 2002, he was presented with a supervision plan which required him to report monthly to the local parole office to meet with parole officer Anthony Bodnark and to avoid contact with his former girlfriend.

Shortly thereafter on January 7, 2003, Mr. McGrath filed a Petition for a Writ of Mandamus with the Ohio Eighth District Court of Appeals asking to have the imposition of post release control removed since it was not part of his sentence in Case No. CR-00-388833. The Court of Appeals denied the petition on April 17, 2003 stating that he could not obtain relief through mandamus. See McGrath v. Ohio Adult Parole Authority, No. 85362, 2004 WL 2610537 (Ohio App. 8 Dist. Nov. 18. 2004). He appealed that decision to the Ohio Supreme Court. The decision was affirmed on December 1, 2003 upon the finding that an action for declaratory judgment was the proper vehicle to mount a challenge to post release control. McGrath. v. Ohio Adult Parole Authority, 100 Ohio St. 3d. 72 (2003). Mr. McGrath then filed an action for Declaratory Judgment on December 2, 2003 in the Cuyahoga County Court of Common Pleas, Case No. CV-03-515910.

Mr. McGrath was arrested on January 22, 2004 and charged with one count of assault, two counts of receiving stolen property, and one count of domestic violence. An Order of Hold was sent to the City of Parma, Ohio by parole officer Erica Desoto asking the jail to hold Mr. McGrath because he was under the supervision of the OAPA at the time of his arrest. A second Order of Hold was sent to the Lorain Correctional Institution on January 30, 2004. He was indicted on these new charges on February 6, 2004 in Case No. CR- 04-449129.

Mr. McGrath filed a Motion for Temporary Restraining Order in the Declaratory Judgment action, Case No. CV-03-515910, asking the court to enjoin the OAPA from enforcing the

post release control restrictions. The court denied the Motion and on February 19, 2004 dismissed the action stating that direct appeal, not declaratory judgment, was the appropriate method to challenge a sentence. Mr. McGrath filed an Appeal of that decision on March 19, 2004. While he was awaiting the decision of the Court of Appeals, he was convicted on the pending charges of assault and domestic violence in Case No. CR- 04-449129. He was sentenced on July 26, 2004 to a term of incarceration of one year and six months. This sentence included an additional three years of post release control supervision.

On December 7, 2004, the Eighth District Court of Appeals stated that declaratory judgment was the action to challenge the imposition of post release control. The decision of the Cuyahoga County Court of Common Pleas in Case No. CV-03-515910 was reversed, and the case was remanded for further action on the case. On October 25, 2005, the Common Pleas Court determined that the OAPA lacked the authority to place Mr. McGrath under post release control after his release from incarceration on December 12, 2002 from the sentence he was serving in Case No. 00-388833 and enjoined the OAPA from imposing any further sanctions upon Mr. McGrath in relation to Case No. 00-388833. Mr. McGrath is still under post release control for his sentence in Case No. CR- 04-449129.

In his complaint, Mr. McGrath asserts six causes of action. Count I of his complaint contains claims for violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments under 42 U.S.C. § 1983. He further contends that the defendants conspired to deprive him of these constitutional rights in violation of 42 U.S.C. §§ 1985, and 1986. In count II of the complaint, Mr. McGrath asserts a cause of action under 42 U.S.C. § 1983 for violations of the Ohio Constitution. Count III contains causes of action under OHIO REVISED CODE §§ 2921.44 and 2921.45. Counts IV

through VI contain state law claims for Intentional Infliction of Emotional Distress, Invasion of Privacy, and False Arrest.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim in an in forma pauperis action under 28 U.S.C. §1915(e) if it lacks an arguable basis in law or fact, or if it fails to state a claim upon which relief can be granted.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, Mr. McGrath's §1983 claims against the defendants in their official capacities, his § 1983 claims against Mr. Croft in his individual capacity, his claims for deprivations of his First, Fourth, and Sixth Amendment rights under 42 U.S.C. § 1983 and his claims under 42 U.S.C. §§ 1985 and 1986 contained in Count I are dismissed pursuant to 28 U.S.C. § 1915(e). His Ohio Constitutional claims asserted under 42 U.S.C. § 1983 contained in Count II also are dismissed pursuant to 28 U.S.C. § 1915(e).

### 42 U.S.C. § 1983

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the United States Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(1981). Mr. McGrath indicates that he is bringing this action against the defendants in their official and individual capacities.

**Official Capacity**

A suit against a public servant in his official capacity imposes liability on the office he represents. Brandon v. Holt, 469 U.S. 464, 471 (1985). Consequently, Mr. McGrath's official-capacity federal claims against the defendants would, if successful, impose liability on the State of Ohio, as all of the defendants are employees of a State agency. The Eleventh Amendment bars suits for damages against a State. His claims against the defendants in their official capacities must therefore be dismissed.

**Individual Capacity**

To state a claim against the defendants in their individual capacities, Mr. McGrath must show that the defendants were each personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Respondeat superior is not a proper basis for liability under § 1983. Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir.2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984). A supervisor cannot be held liable under §1983 where the allegation of liability is based upon a mere failure to act. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999)(citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999) (quoting Hays v. Jefferson County, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff

must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays, 668 F.2d at 874). Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence, or a "simple awareness of employees' misconduct," Leary, 349 F.3d at 903; Bellamy, 729 F.2d at 421.

Mr. McGrath alleges that Gary Croft is the Chairman of the OAPA, and "failed to train Adult Parole Authority Parole Officers about who or when a person is actually subject to Post Release Control...[and failed] to monitor and/or investigate the activities of Parole Officers handling persons who may or may not be subject to Post Release Control." (Compl. at 10.) In addition, he continually asserts that Mr. Croft is liable for actions committed "by and through his agents, servants, workmen and/or employees, acting within the scope of their authority and within the course of their employment..." (Compl. at 5, 6,7,8,9.) It is evident that Mr. McGrath is attempting to hold Mr. Croft liable for failing to supervise or control employees of the OAPA. There is no suggestion that Mr. Croft was personally involved in the actions which gave rise to this complaint. The claims against this defendant in his individual capacity must therefore be dismissed.

**Deprivation of Rights Secured by the United States Constitution**

Mr. McGrath asserts that the defendants "did deprive McGrath of his right to be free from cruel and unusual punishments and depravation of rights" and concludes that the defendants violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights under the United States Constitution. (Compl. at 13.) Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential

allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). While this court can reasonably identify the elements of a claim under the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments, the same cannot be said for his claims under the First, Fourth, and Sixth Amendments. There is no reasonable explanation for how those claims may arise from the facts presented and none is apparent from the pleading. His claims under the First, Fourth, and Sixth Amendments must therefore be dismissed.

Mr. McGrath also asserts in Count II of the complaint that he is entitled to relief under 42 U.S.C. § 1983 for violations of the Ohio Constitution. To prevail on a §1983 claim, the plaintiff must allege and prove that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the United States Constitution or laws of the United States. Parratt, 451 U.S. at 535. A violation of state law will not suffice to satisfy this element of the cause of action. See Id.

**42 U.S.C. §§ 1985, 1986**

Finally, Mr. McGrath's claims under 42 U.S.C. §§ 1985 and 1986 must be dismissed. To establish a violation of § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving him of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the law or that their actions were in any way motivated by plaintiff's race or membership in some other protected class.

Because Mr. McGrath failed to state a claim under § 1985, his claims for relief under § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by § 1985, yet fail to prevent them. Without a violation of § 1985, there can be no violation of § 1986.

*Conclusion*

Accordingly, Mr. McGrath's § 1983 claims against the defendants in their official capacities, his § 1983 claims against Mr. Croft in his individual capacity, his claims for deprivations of his First, Fourth, and Sixth Amendment rights under 42 U.S.C. § 1983 and his claims under 42 U.S.C. §§ 1985 and 1986 contained in Count I are dismissed pursuant to 28 U.S.C. § 1915(e). His Ohio Constitutional claims asserted under 42 U.S.C. § 1983 contained in Count II also are dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith.[3] The case shall proceed solely on plaintiff's due process claims under the Fifth and Fourteenth Amendments and his Eighth Amendment claims contained in Count I, and the claims contained in Counts III, IV, V, and VI of the complaint. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. **The Clerk's Office shall include a copy of this order in the documents to be served upon the defendants.**

IT IS SO ORDERED.

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

FILED

AUG 01 2006

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.